UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DEBORAH D. DAVIS, )
    Plaintiff, )
  )
v. ) No. 3:11-CV-32
  ) (Phillips/Guyton)
MICHAEL J. ASTRUE, )
COMMISSIONER OF SOCIAL SECURITY, )
    Defendant. )

## MEMORANDUM OPINION

This social security appeal is before the court for consideration of the plaintiff's objections [Doc. 14] to the report and recommendation filed by United States Magistrate Judge H. Bruce Guyton [Doc. 13]. Magistrate Judge Guyton found the Commissioner's decision that plaintiff is not disabled is supported by substantial evidence in the record as a whole and recommended that plaintiff's motion for summary judgment be denied and that defendant Commissioner's motion for summary judgment be granted.

Plaintiff made her application for disability insurance benefits alleging disability beginning April 1, 2001. The claim was denied by the administrative law judge (ALJ) on May 20, 2010. The Appeals Council denied the plaintiff's request for review. Plaintiff sought judicial review of the Commissioner's decision. As required by 28 U.S.C. § 36(b)(1) and Rule 72(b), Fed.R.Civ.P., this court has now undertaken a *de novo* review

of those portions of the report and recommendation to which plaintiff objects. For the reasons that follow, the objections will be overruled.

Plaintiff argues that the ALJ erred in failing to afford proper weight to the treating physician opinions of Dr. Brian Kemp and Dr. Ann Carter. The opinion of a treating physician may be afforded controlling weight if it is consistent with the evidence and supported by sufficient clinical findings. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 877 (6th Cir. 2007). However, an ALJ is not bound by such an opinion if there is substantial medical evidence to the contrary. *Id.* In addition, the ALJ is not bound by a physician's conclusory opinion that a claimant is unable to work. *See Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007).

Here, the ALJ determined that Dr. Kemp's conclusions were not supported by detailed objective findings and were inconsistent with other substantial evidence, including his own progress notes. The ALJ noted that in April 2006, Dr. Kemp observed that plaintiff continued to do well on her HIV medications. In August 2006, Dr. Kemp noted plaintiff's HIV was stable and her viral load was undetectable. Although he indicated that plaintiff's headaches increased in 2006 because of stress from the change in her husband's job, the increase did not last twelve months. He notes that plaintiff reported improvement of fatigue in January 2010 and that she was still very healthy. His November 2007 notes indicate that plaintiff's migraines were fairly stable and her medication had been able to control headaches when they occurred.

Likewise, Dr. Carter's treatment notes do not support her opinion that plaintiff is incapable of working. The note from December 2005 shows that plaintiff was a fabric artist and that she worked out of her home. Plaintiff saw Dr. Carter monthly for medication refills. In February 2006, Dr. Carter noted that plaintiff has not having severe migraine headaches very often. Plaintiff continued to have her pain medication refilled, but Dr. Carter does not record severe headaches in April, May or June 2006. In August 2006, Dr. Carter noted that plaintiff had HIV and multi-joint arthralgias, but she did not identify any limitations on plaintiff's functional capabilities. Dr. Carter prescribed medication for plaintiff's headaches in September 2006, but did not suggest any functional limitations on plaintiff. Plaintiff reported pain in her knee after exercising in March 2007. In May 2007, plaintiff reported that she only had one headache a month.

The ALJ also considered the reports of two state agency physicians who reviewed plaintiff's medical records. Dr. James Millis opined in February 2009 that plaintiff could perform medium work with no postural or non-exertional limitations. Dr. Saul A. Juliano reviewed plaintiff's medical records in March 2009 and concurred with the residual functional capacity finding by Dr. Millis that plaintiff could perform medium exertion work.

The ALJ also considered plaintiff's activities of daily living. Plaintiff reported working in her own workshop and spending long hours on her feet on concrete performing woodworking and welding. Plaintiff also reported to her social worker that she did not have time to read a book because she was too busy running errands and that she had a thriving

business, making custom jewelry until as recently as July 2007. Plaintiff reported that she regularly walked and biked for exercise and participated in hobbies such as crafts (multiple), jet-ski, motorcycle pilot, and reading. Plaintiff noted under employment that from 2002 through the present she was semi-retired/self-employed artist craftsperson.

Based on the record as a whole, the court concludes that the ALJ gave sufficient reasons for discounting the opinions of Dr. Kemp and Dr. Carter that plaintiff was incapable of any level of work. He gave adequate deference to their opinions by finding that plaintiff had severe impairments that precluded the performance of her past work and significantly limited the types of other jobs that she could perform. Hence, there was substantial evidence in the record to support the ALJ's conclusion that plaintiff was not disabled.

Finding no error in the report and recommendation, the court will overrule plaintiff's objections; deny plaintiff's motion for summary judgment; grant defendant Commissioner's motion for summary judgment; and dismiss this case.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge